UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

|  |  |
|---|---|
| JESSE "LABRYSSA" D., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, <br><br> Defendant. | Case No.  21-cv-04233-BLF <br><br> **ORDER GRANTING MOTION TO ALTER OR AMEND JUDGMENT** <br><br> [Re:  ECF No. 33] |

The Commissioner has filed a motion to alter or amend the judgment in this case under Federal Rule of Civil Procedure 59(e).  ECF No. 33.  The Commissioner does not challenge the Court's overall conclusion in its June 6, 2022 order that substantial evidence did not support the ALJ's decision regarding the medical opinion of Dr. Laura Jean Catlin and that the case must be remanded.  The Commissioner instead asserts that the Court erred in stating (and citing cases in agreement) that it "remains to be seen" how revised Social Security regulations would affect the legal standard applicable to evaluating an ALJ's treatment of medical opinions.  ECF No. 31 ("Remand Order") at 11–12.  The time for Plaintiff to file a response has passed.  The Court will GRANT the motion and issue an amended order and judgment.

A court may alter or amend its judgment under Federal Rule of Civil Procedure 59(e) to "correct manifest errors of law or fact upon which the judgment is based." *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003).  The Court agrees with the Commissioner that its Remand Order contains one such error.  That Order recognized new regulations governing the evaluation of medical evidence that eliminate assignment of greater evidentiary weight to certain types of medical opinions.  *See* Remand Order at 9–10.  Instead, the persuasiveness of any medical opinion is based on a multi-factor inquiry.  *Id.*  The Court found that the new regulations undermined previous Ninth Circuit case law regarding "hierarchy-based preferences for certain types of medical opinions," but found that "it remains to be seen whether

the new regulations will meaningfully change ow the Ninth Circuit determines the adequacy of the ALJ's reasoning and whether the Ninth Circuit will continue to require that an ALJ provide 'clear and convincing' or 'specific and legitimate' reasons in the analysis of medical opinions, or some variation of those standards." *Id.* at 11 (quoting *Joseph Perry B. v. Saul*, 2021 WL 1179277, at *3 (C.D. Cal. Mar. 29, 2021)).

This, however, was not an accurate statement of the law as of the date the Remand Order was issued. On April 22, 2022—after briefing concluded but prior to the Court's issuance of the Remand Order[1]—the Ninth Circuit issued a published opinion in *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022). The Ninth Circuit recognized that "[t]he revised social security regulations are clearly reconcilable with [its] caselaw according special deference to the opinions of treating and examining physicians on account of their relationship with the claimant." *Id.* at 792. Instead, the Ninth Circuit held that under the new regulations, an ALJ's rejection of an examining or treating doctor's opinion must be supported only by substantial evidence. *Id.* Accordingly, the Ninth Circuit had resolved the question of what evidentiary standard to apply to an ALJ's rejection of an examining or treating doctor's opinion by the time this Court issued its Remand Order. The Court therefore erred in stating that this was still an open question.

Accordingly, the Commissioner's motion is GRANTED. The Court will issue an amended remand order revising page 11, lines 6–13 and page 12, lines 23–26 to reflect *Woods*. As the Commissioner recognizes, because the Court concluded that the ALJ failed to meet even this lower evidentiary standard, this amendment does not affect the Court's overall conclusion that the ALJ failed to sufficiently support rejection of Dr. Catlin's testimony and that the case must be remanded for further proceedings.

**IT IS SO ORDERED.**

Dated: July 20, 2022

_____
BETH LABSON FREEMAN
United States District Judge

---

[1] The Commissioner did not file a Statement of Recent Decision to alert the Court to this development in the law following the conclusion of briefing. *See* Civ. L.R. 7-3(d)(2).